**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Robinson, | No. CV-18-04945-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Carla Hacker-Agnew, et al., | |
| Respondents. | |

Magistrate Judge Deborah M. Fine recommends the petition for writ of habeas corpus filed by Petitioner James Robinson be denied. (Doc. 14). Petitioner filed objections but those objections only address one of the four claims analyzed by the Magistrate Judge. (Doc. 15). The Court will summarily adopt the Magistrate Judge's analysis regarding the claims where Petitioner did not object. As for the claim where Petitioner did object, his objections are not convincing. Therefore, the petition for writ of habeas corpus will be denied in full.

Much of the factual and procedural background recited by the Magistrate Judge is undisputed. That background, in brief, is the following. Petitioner was convicted in Arizona state court of one count of sale or transportation of narcotic drugs and sentenced to 10.5 years' imprisonment. Petitioner pursued a direct appeal but the Arizona Court of Appeals affirmed his conviction and sentence. Petitioner did not pursue post-conviction relief in state court. Instead, Petitioner filed the present federal petition.

The federal petition contains four claims:

      1) Violation of Petitioner's due process rights by the state "failing to identify him beyond a reasonable doubt; . . . failing to clearly and concisely charging him; and . . . failing to sufficiently identify the subject substance alleged to have been sold."

      2) Violation of Petitioner's due process rights by the state obtaining an insufficiently specific indictment.

      3) Violation of Petitioner's rights under the Sixth Amendment because the initial venire panel excluded African Americans.

      4) Violation of Petitioner's rights under the Eighth Amendment because his sentence was excessive.

(Doc. 1 at 6-9). Respondents did not argue any of these claims were procedurally defaulted but argued all four failed on the merits. The Magistrate Judge agreed with Respondents.

Petitioner filed objections but those objections address only the first claim regarding insufficient evidence. That is, Petitioner did not make any objections to the Magistrate Judge's analysis of the second, third, and fourth claims. Therefore, the Magistrate Judge's analysis of those claims will be summarily accepted.[1]

On the first claim, Petitioner's objections consist of general arguments regarding insufficiency of the evidence. As correctly explained by the Magistrate Judge, it is very difficult to prevail on this type of argument in federal court. (Doc. 14 at 6). To prevail, Petitioner must overcome "two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). First, the Arizona Court of Appeals could have "set aside the jury's

---

[1] The Court notes that Petitioner's third claim, involving the makeup of the venire panel, was rejected by the Arizona Court of Appeals because Petitioner had not demonstrated "the jurors ultimately selected could not or did not render a fair and impartial verdict." (Doc. 7-3 at 130). It appears the Arizona Court of Appeals misunderstood the nature of Petitioner's claim. Petitioner seems to have been arguing the jury venire systematically excluded African Americans. This type of claim, known as a "fair cross section" claim pursuant to *Duren v. Missouri*, 439 U.S. 357, 364 (1979), does not require an individual show the jury that heard the case was biased. Thus, the Arizona Court of Appeals' rejection of Petitioner's fair cross section claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the Arizona Court of Appeals analysis was incorrect, the Magistrate Judge was required to review this claim de novo. *See Crittenden v. Chappell*, 804 F.3d 998, 1010 (9th Cir. 2015). Respondents conceded this point as they did not even attempt to defend the Arizona Court of Appeals' reasoning. (Doc. 7 at 10). Instead, Respondents argued the fair cross section claim failed on the merits. (Doc. 7 at 10). The Magistrate Judge agreed that the claim, under de novo review, failed on its merits. Petitioner did not object. Therefore, the Magistrate Judge's analysis will be accepted by the Court.

verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Id.* And second, this Court can "overturn" the Arizona Court of Appeals decision only if that decision was "objectively unreasonable." *Id.* To qualify as "objectively unreasonable," the decision must have been more than simply "an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010). Thus, the Court must "tread very cautiously" when evaluating such a claim. *Lucero v. Holland*, 902 F.3d 979, 991 (9th Cir. 2018).

Here, three police officers testified at Petitioner's trial. During their testimony, the officers described their interactions with Petitioner and how they came to identify Petitioner as the individual they had interacted with on the relevant dates. The Magistrate Judge concluded that testimony was sufficient to identify Petitioner. In his objections, Petitioner argues there was "no positive identification of the Petitioner" and that "eyewitness identification is notoriously unreliable." (Doc. 15 at 3). But there *was* positive identification of Petitioner and the reliability of the eyewitnesses was a matter for the jury.

Petitioner also claims there was insufficient evidence to establish each of the elements of his offense. As mentioned previously, three officers testified regarding the purchase of crack cocaine from Petitioner. During Petitioner's trial, a forensic scientist testified that the substance Petitioner sold to the undercover police officer was crack cocaine. The Magistrate Judge found this evidence was sufficient to establish all of the elements of Petitioner's offense. In his objections, Petitioner claims the scientific testing merely established the substance "showed 'consistent with' properties of compounds within the cocaine family" and because there was "no analysis of the isomer structure" there could not have been "a finding of being hydrolyzed crack." (Doc. 15 at 3). In other words, Petitioner seems to be arguing there was insufficient evidence that the substance was, in fact, crack cocaine. The reliability of the testimony by the forensic scientist was for the jury. Petitioner's sufficiency of the evidence argument fails.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**. The

1. Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk of Court shall enter a judgment of dismissal with prejudice.

    **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

    Dated this 8th day of May, 2020.

_____
Honorable Roslyn O. Silver
Senior United States District Judge